UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KELLY TODD WEBB, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:24-CV-48 |
| USDA, et al., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis*. On April 22, 2024, this Court granted Plaintiff's motion to proceed *in forma pauperis* and then undertook the initial screening of Plaintiff's complaint that is required when litigants are granted permission to proceed without prepayment of fees. [Doc. 7]. In doing so, the Court noted that Plaintiff had failed to provide a sufficient factual basis to support his claims but observed that he could potentially set forth colorable claims under various federal statutes if he provided a more fully developed factual basis for those claims.

Given that Plaintiff was representing himself, the Court found it appropriate to provide him with an opportunity to file an amended complaint to address the noted deficiencies in his Complaint, [Doc. 2], but required that any amended complaint be filed within thirty days. Further, the Court placed Plaintiff on notice that if an amended complaint was not filed within the thirty-day timeframe, this Court intended to recommend to the District Court that the Complaint be dismissed because it failed to state a claim upon which relief could be granted. *Id.* More than thirty days have now passed but Plaintiff has filed nothing further with the Court.

I.     FACTUAL ALLEGATIONS

As noted in the Court's previously entered Order [Doc. 7], Plaintiff asserts various claims against Defendants U.S. Department of Agriculture ("USDA"), Eastern Eight Community Development Corporation ("E8CD"), Johnson City House Authority (sic), and certain of their employees for "failure to provide proper assistance according to the rules set forth in the voucher Section 8 Homeownership Program."[1] [Doc. 2, p. 1]. Plaintiff first asserts claims under the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), the Equal Credit Opportunity Act ("ECOA"), and field office handbook number HB-1-3550 for failure to provide adequate information and assistance when he was applying for a loan to assist him with a mortgage payment. *Id.* at 2. Plaintiff alleges that the USDA and the E8CD failed to provide timely information related to his application. *Id.* He appears to contend that individuals with these groups failed to properly notify him when they rejected his application and mailed certain documents intended for him to the wrong address. *Id.* Plaintiff further appears to allege that his application was rejected based on a credit report, but he contends that an applicant's "credit report does not have to be perfect to be eligible for a loan and are not binding." *Id.* at 3. Additionally, Plaintiff alleges that he should have received a notice advising him of the reasons his application was rejected. *Id.* Finally, he asserts a disability claim by stating that he requested assistance for a vision disability but did not receive an accommodation. *Id.* He now requests a house, for the USDA to own up to their mistakes, damages for pain and suffering, any fees including for an attorney, and for the process to be fast tracked because he states that he has been working on this case since 2017. *Id.* at 4.

---

[1] Plaintiff states that this action arises from an application for a "Section 8" housing voucher, which is administered by the U.S. Department of Housing and Urban Development ("HUD"). However, the facts described in his Complaint and Plaintiff's naming of the U.S. Department of Agriculture ("USDA") as a defendant in this action indicate that he may have instead applied for a "Section 502" or "Section 504" loan under a program administered by the USDA, which is governed by different regulations than the HUD program.

## II. LEGAL ANALYSIS

### a. *Leniency afforded to pro se litigants*

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

### b. *Claims under FACTA*

Plaintiff first asserts a claim against the USDA and E8CD under FACTA, which imposes certain disclosure requirements on any person who takes adverse action against a consumer that is based on any information in a consumer report. 15 U.S.C. § 1681m. As relevant to this case, Plaintiff contends that the USDA and E8CD denied his application for a loan based on his credit report and, in doing so, were required to notify him of the specific reasons for the denial. While private rights of action are available for some violations of FACTA, they are not available for the

type of violation that Plaintiff alleges in this case. *See* 15 U.S.C. §§ 1681m, 1681n, 1681o. Section 1681m explicitly states that its provisions are enforced exclusively by federal agencies, meaning that no private right of action is available. *Wood v. Third Fed. Sav. & Loan Ass'n*, No. 23-3042, 2023 WL 8174269, *3 (6th Cir. Nov. 20, 2023); *see also Thomas v. BrandAuto Fin.*, No. 1:18-CV-252, 2019 WL 1769152, *5 (E.D. Tenn. Apr. 22, 2019).

Even if a private right of action was available to Plaintiff under FACTA, he has not stated a claim for relief because he has failed to provide sufficient details demonstrating that he is entitled to relief. More specifically, Plaintiff does not provide any information regarding when he allegedly submitted his application for a loan, the specific purpose for which he submitted it, any information about his intended use for the loan such as whether he needed assistance with payment toward a mortgage for property he already owned or intended to purchase property using the funds, and whether he had a purchase pending. Plaintiff further fails to identify the role he claims that the various individual Defendants he has named played in causing his alleged injuries. Further, Plaintiff does not include any facts related to the Johnson City House (sic) Authority. Instead, he only refers to E8CD and the USDA, a federal agency that is immune from suit under FACTA. *See Morgan v. United States Dep't of Educ.*, 596 F. Supp. 3d 1023 (S.D. Ohio 2022).

Furthermore, even if Plaintiff had alleged any valid claims, they would likely be time-barred because he states that he has been working on them since 2017. While it is unclear if Plaintiff filed his initial application in 2017 or if his application was denied in 2017, FACTA provides that any available civil actions must be brought either two years after Plaintiff discovered a violation or five years after the date of the violation, whichever is earlier. 15 U.S.C. § 1681p. If Plaintiff's application was denied in 2017, then any claim under FACTA would be time-barred

because the violation would have occurred over five years ago. Accordingly, the Court must recommend dismissal of Plaintiff's claims under FACTA.

### c. Claims under HB-1-3550

Plaintiff further states that although USDA staff were required to provide him with certain information and assistance relating to his application pursuant to field office handbook HB-1-3550, he did not receive that information and assistance when he applied for the loan at issue here. However, the handbook Plaintiff references merely serves as a guide for USDA staff to use in handling loan applications. While the policies and procedures established in the handbook are consistent with applicable law, the handbook itself is not a regulation under which Plaintiff can bring a civil action against the agency. U.S. DEP'T AGRIC., HB-1-3550, DIRECT SINGLE FAMILY HOUSING LOANS AND GRANTS – FIELD OFFICE HANDBOOK (2019). If Plaintiff wishes to challenge the denial of his application, he must first seek review by the USDA National Appeals Division before he can file a lawsuit in federal district court. 7 C.F.R. §§ 3550.4, 11.13 (2024). Plaintiff does not allege any facts in his Complaint which would indicate that he has complied with this requirement. For these reasons, the Court must recommend dismissal of Plaintiff's claims arising from the policies and procedures contained in HB-1-3550.

### d. Discrimination claim

Finally, Plaintiff references ECOA and asserts a discrimination claim based on his visual disability and Defendants' refusal to accommodate that disability. The Court first notes that disability is not a protected status under ECOA, a federal law that prohibits discrimination in lending based on race, color, religion, national origin, sex or marital status, age, or because the applicant's income derives from a public assistance program. 15 U.S.C. § 1691(a). While disability discrimination is prohibited under other federal statutes, Plaintiff has not set forth sufficient facts

to demonstrate a claim for disability discrimination. He has not explained how or when he requested an accommodation for his visual impairment, what type of accommodation he requested, or from whom he requested an accommodation. Additionally, he has not described any particular action taken by any defendant that would show discrimination. As such, the Court must recommend dismissal of Plaintiff's discrimination claim without prejudice.

## III. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's claim under the Fair and Accurate Credit Transaction Act be **DISMISSED with prejudice** because no private right of action is available to Plaintiff, and that all other claims be **DISMISSED without prejudice**. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

/s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).